# IN THE SUPREME COURT
# STATE OF NORTH DAKOTA

## 2025 ND 231

City of Williston,                                                                      Plaintiff

   v.

Christopher Michael Bauer,                               Defendant and Appellant

### No. 20250216

Appeal from the District Court of Williams County, Northwest Judicial District, the Honorable Kirsten M. Sjue, Judge.

AFFIRMED.

Opinion of the Court by Crothers, Justice, in which Justices McEvers and Bahr joined. Chief Justice Jensen filed a dissenting opinion in which Justice Tufte joined. Justice McEvers filed a concurring specially opinion.

Christopher M. Bauer, Anchorage, AK, defendant and appellant.

# City of Williston v. Bauer
## No. 20250216

**Crothers, Justice.**

[¶1] Christopher Bauer appeals from the district court's post-judgment order denying his request for attorney's fees and costs for amounts he spent defending himself against a charge of disorderly conduct. Bauer also claims the district court committed misconduct warranting imposition of discipline. We affirm.

I

[¶2] Bauer was charged with disorderly conduct as a result of an incident that occurred in Williston, North Dakota, in March 2024. He hired an attorney to defend against the charge. The case was tried to a jury and resulted in Bauer being found not guilty. Bauer filed a motion requesting attorney's fees and costs he incurred defending against the criminal charge. The district court denied the motion, and this appeal followed.

II

[¶3] Bauer claims the district court erred in denying his motion to recover attorney's fees incurred while successfully defending his prosecution for disorderly conduct. He argues the court had inherent authority to grant his requested relief, citing inapposite civil cases. *See Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (recognizing a court's inherent authority to sanction for litigation misconduct); *Williams v. City of Carl Junction*, 480 F.3d 871 (8th Cir. 2007) (holding continuing a prosecution without probable cause—especially when constitutional violations are known—can support a civil malicious prosecution claim). While Bauer can pursue a civil claim for malicious prosecution if he can satisfy the elements of the tort, he has not established his requested relief can be recovered in this criminal action. *Kummer v. City of Fargo*, 516 N.W.2d 294, 298 (N.D. 1994). Therefore, the court's denial of his motion is affirmed.

III

1

[¶4] Bauer claims the district court judge committed misconduct and we should discipline her for violating the constitution. The court's order is silent on this issue, and Bauer does not show us where this claim was made or preserved in the district court. "This Court will not address issues raised for the first time on appeal." *Grengs v. Grengs*, 2020 ND 242, ¶ 18, 951 N.W.2d 260. Further, N.D.R.App.P. 28(b)(7)(B)(ii) requires the appellant's brief contain "citation to the record showing that the issue was preserved for review; or a statement of grounds for seeking review of an issue not preserved[.]" *See, e.g., State v. Wiese*, 2024 ND 39, ¶ 7, 4 N.W.3d 242 ("[Appellant's] brief does not cite to the record where [he] objected to the challenged jury instruction. It also does not provide any argument regarding why this Court can review the challenged jury instruction when the issue was not preserved."). Bauer's brief does not cite to the record where he argued at the district court that the judge committed misconduct or should be disciplined. Therefore, Bauer's brief on this issue does not meet the minimum requirements of Rule 28(b)(7) and we will not consider it further.

IV

[¶5] The dissent claims this Court lacks jurisdiction to address the merits of Bauer's appeal because his motion for recovery of attorney's fees in a criminal case does not deprive Bauer of a substantial right. We disagree.

[¶6] Bauer contends his appeal falls under subdivision 5 of section 29-28-06, N.D.C.C., which authorizes an appeal from "[a]n order made after judgment affecting any substantial right of the party." "In order to affect substantial rights, an error must have been prejudicial, or affected the outcome of the proceeding." *State v. Brame*, 2023 ND 213, ¶ 14, 997 N.W.2d 858.

[¶7] The determination whether a claim constitutes a substantial right necessarily requires looking at the type of claim involved in the underlying matter to determine whether a criminal defendant might be prejudiced by the adverse ruling. But our examination of the *nature* of the claim and order should not be transformed into an outcome determinative, on-the-merits, review of the controversy. In other words, as a means of deciding whether this Court has

appellate jurisdiction, we should not first decide whether an appellant's claim is recognized under current law or whether the claim likely will succeed.

[¶8]   Several cases describe what constitutes a "substantial right of the party" under N.D.C.C. § 29-28-06(5). Most closely applicable to the present is *State v. Owens*, 1997 ND 212, 570 N.W.2d 217, where we held a defendant's property interest in a $500 bond and the possible deprivation of that property was a "substantial right." In *Owens*, this Court held:

> The right of appeal in this state is statutory and is a jurisdictional matter. We must have jurisdiction to consider the merits of an appeal and, if there is no right to appeal, we must dismiss. The right to appeal in criminal cases is governed under NDCC chapter 29-28. In this case, involving a criminal defendant, an appeal may be taken by the defendant from an order made after judgment affecting any substantial right of the party. NDCC § 29-28-06(5). While the right to appeal is purely statutory, statutes conferring the right to appeal must be liberally construed, and that in determining appealability it is not the label which controls but, rather, the effect.

*Id.* ¶ 6 (cleaned up). In *Owens*, this Court concluded the defendant was able to appeal, stating:

> Owens deposited something of value with the clerk of court that may have been wrongfully paid out. We hold Owens' property interest in the five hundred dollars bond, and his possible deprivation of that property constitutes a substantial right. Therefore, the district court's order is appealable.

*Id.* ¶ 11.

[¶9]   California has a criminal appellate jurisdiction statute similar to ours. *See* Cal. Penal Code § 1237 ("An appeal may be taken by the defendant from both of the following: . . . (b) From any order made after judgment, affecting the substantial rights of the party."). California applied section 1237(b) by stating:

3

The Attorney General's argument on appealability is premised on the correctness of the trial court's ineligibility finding. Indeed, she devotes much of her brief arguing that the trial court's denial order is not appealable because petitioner's current offense for making a criminal threat, although not a serious or violent felony at the time of his conviction, is presently defined as a serious felony. However, a postjudgment order "affecting the substantial rights of the party" (§ 1237, subd. (b)) does not turn on whether that party's claim is meritorious, but instead on the nature of the claim and the court's ruling thereto. (*Cf. People v. Mena* (2012) 54 Cal.4th 146, 152-153, 141 Cal.Rptr.3d 469, 277 P.3d 160 [order denying lineup motion affected "substantial rights of the defendant," allowing appeal without consideration of merits]; *People v. Gamache* (2010) 48 Cal.4th 347, 375, fn. 13, 106 Cal.Rptr.3d 771, 227 P.3d 342 ["section 1259 permits appellate review of *claimed* errors to the extent they 'affected the substantial rights of the defendant'" (italics added)]; *People v. Superior Court* (*Kaulick*) (2013) 215 Cal.App.4th 1279, 1295, fn. 15, 155 Cal.Rptr.3d 856 ["a *claim* of an unlawful sentence may be raised on appeal, even though the court may ultimately conclude that the sentence was not unlawful"]; *People v. Coleman* (1978) 86 Cal.App.3d 746, 750, 150 Cal.Rptr. 415 [order denying release resulting in continued indefinite, involuntary commitment appealable under § 1237].) Section 1170.126 creates a substantial right to be resentenced and provides a remedy by way of a statutory postjudgment motion. A denial of a section 1170.126 petition, foreclosing a reduced sentence, would certainly "*affect*[ ] the substantial rights of the party." (§ 1237, subd. (b), italics added.)

*Teal v. Superior Ct.*, 336 P.3d 686, 689-90 (2014) (cleaned up). Like California, we should apply N.D.C.C. § 29-28-06(5) by examining the nature of Bauer's claim rather than its merits.

[¶10] Here, Bauer filed a motion seeking recovery of attorney's fees from the City of Williston in the amount of $15,600, which he claims was incurred after retaining an attorney to represent him in the underlying criminal proceeding. The nature of Bauer's claim is recovery of property (his money) allegedly expended in connection with the criminal action. Like in *Owens*, Bauer's claim involves a substantial right under N.D.C.C. § 29-28-06(5).

4

[¶11] In reaching our conclusion we are not persuaded by our cases discussing what constitutes a substantial right under N.D.C.C. § 28-27-02. Section 28-27-02, N.D.C.C., generally controls appeals in North Dakota. Section 29-28-06, N.D.C.C., is more particular, and controls what a criminal defendant can appeal to this Court. We are directed to follow the more particular law over the more general provision. *See* N.D.C.C. § 1-02-07 (stating a particular statute controls over general statute).

[¶12] The general statute, N.D.C.C. § 28-27-02(1), permits appeals from "[a]n order affecting a substantial right made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken[.]" By contrast, in criminal cases, N.D.C.C. § 29-28-06(5) allows an appeal from "[a]n order made after judgment affecting any substantial right of the party." By plain terms, the requirement under N.D.C.C. § 28-27-02(1) for the order to "in effect determine[] the action and prevent[] a judgment from which an appeal might be taken" is absent from N.D.C.C. § 29-28-06(5).

[¶13] Because the requirements for an appealable order under N.D.C.C. § 28-27-02(1) are significantly narrower than those in N.D.C.C. § 29-28-06(5), any case applying the broader and more general statute is not useful precedent for applying the latter. *See, e.g., Schaff v. Kennelly*, 69 N.W.2d 777, 780 (N.D. 1955). In *Schaff*, this Court discussed the predecessor statute to N.D.C.C. § 28-27-02 and held:

> Under subdivision 1 of section 28-27-02, it is not enough that an order affects a substantial right. To be appealable under subdivision 1, two other elements are made essential, namely, the order must be of a certain character and have a certain effect upon the action, to-wit: first, it must be an order which in effect determines the action, and, second, must so operate as to prevent a judgment from which an appeal might be taken.

*Id.* at 780 (cleaned up). But, as discussed above, the other essential elements discussed in *Schaff* are not present in N.D.C.C. § 29-28-06(5). *See State v. Conry*, 2020 ND 247, ¶ 9, 951 N.W.2d 226 (concluding "whether the State possesses a

5

substantial right to restitution depends on: (1) whether an order affects the right to restitution with finality; (2) whether the right could otherwise effectively be vindicated; and (3) whether the right is significantly undermined or indefinitely lost without appellate review").

[¶14] We also reject the notion the question of appealability here is answered by our holding in *State v. Peterson*, 334 N.W.2d 483, 484 (N.D. 1983). In *Peterson*, this Court held a criminal defendant's claim for court records was dismissed rather than addressed on the merits. In justifying dismissal the Court wrote:

> Peterson's motion for court records was denied because he had not set out any recognized legal basis entitling him to those records. This Court has stated several times that laws, rules, or statutes should not be modified or applied differently merely because a party not learned in the law is acting pro se. *E.g., State v. Faul*, 300 N.W.2d 827 (N.D. 1980).
>
> We conclude that Peterson's appeal is not authorized under the provisions of NDCC § 29-28-06, nor has he provided any other authority making the order appealable. Neither has he set out any legal basis entitling him to the records under the circumstances.
>
> Furthermore, at the time Peterson made his motion in district court, he was incarcerated in the state penitentiary; however, since then, on or about 25 February 1983, he has been released from the state penitentiary. Consequently, his motion for court records is, in effect, moot because he has access to those records and can view them or have copies made. The appeal is dismissed.

*Id*. We decline to follow the holding in *Peterson* because it resolves the case based on the merits of the claim rather than considering the nature of the interest involved. Here, the nature of the case is more akin to *Owens* where the appellant presented a question involving what could constitute a substantial right if he prevailed on his claim.

V

6

[¶15] We consider on the merits Bauer's appeal from the district court's post-judgment order denying his request for attorney's fees and costs for amounts he spent defending himself against a charge of disorderly conduct, and affirm. We decline to consider on the merits Bauer's claim the district court committed misconduct warranting imposition of discipline because that issue was not raised before the district court. We affirm.

[¶16] Daniel J. Crothers
     Lisa Fair McEvers
     Douglas A. Bahr

**Jensen, Chief Justice, dissenting.**

[¶17] I respectfully dissent from the Court's opinion addressing the merits of Bauer's appeal. I would dismiss the appeal for lack of jurisdiction because the statutory authorization to appeal is lacking under N.D.C.C. § 29-28-06.

I

[¶18] "The right of appeal in this State is purely statutory and is a jurisdictional matter which we may consider sua sponte." *State v. Jenkins*, 339 N.W.2d 567, 568 (N.D. 1983). "The statutory authorization for appeals by the defendant to this Court in criminal matters is North Dakota Century Code § 29-28-06." *Id*.

[¶19] Bauer contends his appeal falls under subdivision 5 of section 29-28-06, which authorizes an appeal from "[a]n order made after judgment affecting any substantial right of the party." "In order to affect substantial rights, an error must have been prejudicial, or affected the outcome of the proceeding." *State v. Brame*, 2023 ND 213, ¶ 14, 997 N.W.2d 858.

[¶20] Bauer contends he should recover the attorney's fees he incurred in successfully defending himself against a criminal charge for disorderly conduct. But there is no right to recover attorney's fees in a criminal case that results in an

acquittal, let alone a substantial right. "This Court applies the American Rule, which requires parties to bear their own attorney's fees unless the fees are expressly authorized by statute." *Indus. Comm'n of N.D. v. Gould*, 2024 ND 32, ¶ 17, 3 N.W.3d 151 (cleaned up). There is no statutory provision authorizing the recovery of a defendant's attorney's fees in a criminal case that results in an acquittal. In addition, there are no prior cases from this Court authorizing recovery of attorney's fees in a criminal case that results in an acquittal (a thorough search of other jurisdictions failed to uncover any such cases). Because the post-judgment order denying Bauer's motion for attorney's fees and costs did not affect Bauer's substantial rights, we should dismiss the appeal for lack of jurisdiction.

II

[¶21] The majority admits "our examination of the *nature* of the claim and order should not be transformed into an outcome determinative, on-the-merits, review of the controversy." But dismissing the appeal because the nature of the claim involves no substantial right does not result in an outcome determinative, on-the-merits, review. Indeed, the opposite is true. Dismissing an appeal for lack of jurisdiction necessarily avoids addressing the merits. *See, e.g., Bolinske v. Sandstrom*, 2022 ND 148, ¶ 11, 978 N.W.2d 72 ("When a dismissal is for lack of jurisdiction, the effect is not an adjudication on the merits[.]" (cleaned up)). After a dismissal for lack of jurisdiction, Bauer would remain free to pursue the merits of his claim in a civil action for malicious prosecution.

[¶22] The majority puts misplaced reliance on *State v. Owens*, 1997 ND 212, 570 N.W.2d 217, to conclude Bauer's request for attorney's fees constitutes a substantial right just because his attorney's fees involve something of value. In *Owens*, the State itself possessed the something-of-value that Owens sought, the five-hundred-dollar bond he deposited with the clerk of court. Here, the State holds none of Bauer's property; the attorney's fees he incurred were a matter of contract between himself and his attorney. The substantial-right determination turns on whether the claimant seeks return of his own property from the State versus payment of a new obligation. *See, e.g., Williams v. Williams*, 2021 ND 134,

8

¶ 13, 962 N.W.2d 601 ("The *government* may not deprive any person of life, liberty, or property without due process of law." (emphasis added)).

[¶23] I also disagree with the majority's characterization of *State v. Peterson*, 334 N.W.2d 483 (N.D. 1983), as a resolution on the merits rather than a case that dismissed for lack of jurisdiction after determining the nature of the interest involved was not a substantial one under N.D.C.C. § 29-28-06(5). The manner in which the North Dakota Legislature worded section 29-28-06(5) necessarily requires us to address the contours of a substantial right before we can exercise jurisdiction within the limits of our statutory authorization. We have done so on several occasions, sometimes determining we have appellate jurisdiction and sometimes determining we do not. *Compare State v. Overholt*, 2019 ND 173, ¶ 7, 930 N.W.2d 185 (determining we had jurisdiction under section 29-28-06(5) before addressing the merits of an appeal) *with Peterson*, 334 N.W.2d at 484 (dismissing an appeal after determining we lacked jurisdiction under section 29-28-06(5)). Addressing the issue required by section 29-28-06(5) is akin to addressing the existence of a jurisdictional fact "to determine whether the conditions essential to [our] exercise [of jurisdiction] exist." *Schillerstrom v. Schillerstrom*, 32 N.W.2d 106, 121 (N.D. 1948) (citation and quotation marks omitted).

## III

[¶24] I dissent from the Court's resolution of this case on the merits. I would hold the district court's denial of an acquitted defendant's request for attorney's fees and costs does not affect his substantial rights, and dismiss the appeal for lack of jurisdiction.

[¶25] Jon J. Jensen, C.J.
    Jerod E. Tufte

**McEvers, Justice, concurring specially.**

[¶26] I agree with and have signed with the majority. I write separately to address some of the concerns raised in the dissent on whether this Court has jurisdiction to consider Bauer's appeal.

[¶27] The dissent states "there is no right to recover attorney's fees in a criminal case that results in an acquittal, let alone a substantial right." Dissent, ¶ 4. The dissent correctly states that this Court applies the American Rule requiring parties to bear their own attorney's fees unless expressly authorized by statute. *Id.* I agree there is no statute specifically authorizing the recovery of attorney's fees based only on a criminal defendant being acquitted.

[¶28] Generally, a right arises from the constitution, a statute, a rule or regulation, or the common law. "Absent statutory or contractual authority, the American Rule assumes parties to a lawsuit bear their own attorney fees." *Cheetah Props. 1, LLC v. Panther Pressure Testers, Inc.*, 2016 ND 102, ¶ 19, 879 N.W.2d 423 (quoting *H-T Enters. v. Antelope Creek Bison Ranch*, 2005 ND 71, ¶ 15, 694 N.W.2d 691). Some states provide by statute for reimbursement of certain defense expenses to a defendant acquitted of criminal charges. *See* Ira P. Robbins, *The Price Is Wrong: Reimbursement of Expenses for Criminal Defendants*, 2014 Mich. St. L. Rev. 1251, 1257. Other states have statutes allowing a criminal defendant to recover legal expenses for malicious prosecution without having to bring a separate action if the trial judge certifies the prosecution was malicious. *Id*. at 1279-80. North Dakota has no such statute.

[¶29] There is, however, authority for the district court to award attorney's fees to a party in a criminal case in some circumstances. Under N.D.C.C. § 27-10-01.1(4), a court can order a remedial sanction to compensate a party for the loss or injury suffered as the result of contempt. Here, there was no finding of contempt against the State. The court may also regulate proceedings as provided in N.D.R.Crim.P. 57, which states:

> *In all cases not provided for by rule or statute, a court may regulate practice in any proceeding before it in any manner consistent with rules adopted by the supreme court or any applicable statute.* No sanction or other

disadvantage may be imposed for noncompliance with any requirement not in a rule adopted by the supreme court or in any applicable statute unless the alleged violator was furnished with actual notice of the requirement before the noncompliance.

(Emphasis added.) While not provided in the criminal rules, Rule 57 allows the court to look to other rules to regulate practice by parties before the court. Similarly, N.D.R.Ct. 11.5 allows a trial court to take any appropriate action for failing to perform an act required by rule or court order, including those sanctions provided in N.D.R.Civ.P. 11. Under N.D.R.Civ.P. 11, an award of attorney's fees may be imposed as a sanction. When a party presents pleadings, motions, or other papers to the court, the party certifies the following representations under Rule 11(b):

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or are reasonably based on belief or a lack of information.

[¶30] If a party violates Rule 11(b), sanctions may be imposed under subsection (c), which provides, in relevant part:

> **(c) Sanctions.**
> (1) In General. If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Absent exceptional circumstances, a law firm must be

11

held jointly responsible for a violation committed by its partner, associate, or employee.

(2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and must describe the specific conduct that allegedly violates Rule 11(b). . . . If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

. . . .

(4) Nature of a Sanction. A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

The common theme is district courts have the authority by rule to impose attorney's fees as a sanction on a party in a criminal action, even when it is not specifically provided in the criminal rules.

[¶31] In addition to the aforementioned authorities, "[t]here are common law exceptions to the American Rule, including when a litigant has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Twete v. Mullin*, 2020 ND 264, ¶ 6, 952 N.W.2d 91 (quoting *Hall v. Cole*, 412 U.S. 1, 5 (1973)). We have also stated the district court "has inherent authority to award attorney's fees as a sanction for a litigant's misconduct." *Schrodt v. Schrodt*, 2022 ND 64, ¶ 30, 971 N.W.2d 861. While *Schrodt* is a civil case, I see no reason why the district court has any less inherent authority in a criminal case than in a civil case.

[¶32] The United States Supreme Court has also recognized there are exceptions to the American Rule. *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991). One exception, based on the inherent power to sanction conduct that abuses the judicial process, allows courts to assess attorney's fees when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. *Id.* at 45-46 (discussing bad faith occurring in litigation where a party institutes an action wantonly or for

12

oppressive reasons, which is grounds for the award of attorney's fees). Bauer essentially made this very argument—that the State prosecuted him in bad faith based on unfounded allegations.

[¶33] The district court did not deny Bauer's motion based on lack of inherent authority; rather, it denied his motions for a number of reasons, including:

> The Court concludes that these issues are far more appropriate for resolution in a separate civil action involving such claims, where a judge or jury can rule on each individual question presented, rather than through a motion for attorney's fees at the tail end of a completed criminal matter. Indeed, it appears that Bauer has already commenced such a civil proceeding under 42 U.S.C. § 1983 against the City and other related defendants arising out of the same claims and arguments he has raised in this motion. The Court hereby takes judicial notice of that pending civil action in the U.S. District Court for the District of North Dakota, Case No. 1:25-cv-00090, which was filed by Bauer on April 24, 2025. . . . The Court concludes that civil action is the proper proceeding in which Bauer may litigate his claims for attorney's fees and other damages against the City.
>
> For these reasons, Bauer's Motion for Attorney's Fees and Costs is denied in this criminal matter, without prejudice to his ability to raise and argue a claim for attorney's fees against the City in the federal district court civil proceeding under 42 U.S.C. § 1983.

[¶34] Because there is authority for the district court to award attorney's fees in a criminal case in limited circumstances, the court's ruling affects a substantial right of the defendant and, therefore, this case is appealable under N.D.C.C. § 29-28-06(5).

[¶35] Lisa Fair McEvers